Dear Mr. Speed:
On behalf of the St. Helena Parish Notary Commission, you ask (1) whether there is any authority for the payment of any member of the Commission for work performed in connection with his or her appointment, and if so, what guidelines should be followed, and (2) whether the member of the Commission may be compensated for out-of-pocket expenses.
In response to your first question, there is no provision in the law which authorizes the payment of any kind of stipend or per diem to members of a notarial examining committee. Thus, the payment of a stipend or per diem is improper.
In response to your second question, reimbursement to the notarial examiners of their reasonable out-of-pocket expenses is a proper administrative cost. See Attorney General Opinions 80-886, 80-210 and 78-920, copies attached.
Finally, note that the Secretary of State is required by R.S.35:191.1 to develop uniform statewide standards for notarial examinations. Further, R.S. 35:191.1(B)(2) states:
 (2) Upon implementation of the uniform statewide standards for examinations pursuant to this Section, charge a fee not to exceed fifty dollars for each examinee taking an examination furnished to the parish examining committee. (Emphasis added).
You may wish to consult with the Secretary of State's office for further instruction regarding guidelines and procedures.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
OPINION NUMBER 78-920 Mr. Jacob Karno, Chairman Attorney General of Louisiana — Opinion. August 7, 1978.
73 — Notaries
R.S. 35:191(2) (a)
A notarial examining committee may charge an examination fee to cover the costs of administering the exam.
Mr. Jacob Karno, Chairman Notarial Examining Committee Jefferson Parish P.O. Box 8178 Metairie, Louisiana 70011
Dear Mr. Karno:
Your letter to this office regarding the administration of notarial examinations has been referred to me for response.
Specifically, you ask whether it is permissible for the Notarial Examining Committee of Jefferson Parish to charge a $50.00 examining fee in order to cover the cost of administering the notarial exam.
There is no statutory authority prohibiting the charge of a $50.00 examination fee by the Notarial Examining Committee. The Legislature has charged the Committee with administering the exam. R.S. 35:191(2)(a). Though an administrative body only has the power and authority expressly granted it by statute, some power and authority may be implied as necessary and appropriate in order to effectuate the express power imposed upon the administrative body. Realty Mart, Inc. v. Louisiana Board ofTax Appeals, 366 So. 2d 52 (La.App. 1st Cir. 1976). The Committee's power and authority to administer the exam implies the right to fix a fee necessary to cover the costs in administering the exam. See 51 Am.Jur., Section 52 Licenses andPermits.
It is, therefore, the opinion of this office that since the Notarial Examining Committee must administer the exam, it may charge and administer an examination fee to cover the administrative costs of the exam.
If we may be of any further assistance in this matter, please do not hesitate to contact us.
Yours very truly,
 WILLIAM J. GUSTE, JR. Attorney General
 By: ___________________________ WARREN E. MOULEDOUX First Assistant Attorney General
OPINION NUMBER 80-210 Honorable Samuel T. Rowe Attorney General of Louisiana — Opinion. February 21, 1980.
73-NOTARIES-Appointment Qualifications
R.S.: 35:191
Payment of a stipend or per-dien to members of a notarial examining committee would be improper.
Honorable Samuel T. Rowe Judge, 21st Judicial District Court Livingston, Louisiana 70754
Dear Judge Rowe:
In your letter of January 29, 1980, you request the opinion of this office with reference to charging a fee to applicants to be appointed a notary public. You also inquire whether or not the members of the examining committee may be paid a stipend for their time and expenses.
This office has previously answered the first question by Opinion # 78-920, dated August 7, 1978, a copy of which is enclosed for your information.
In Opinion #78-920, this office concluded that since the notarial examining committee must administer the examination, that committee may charge and administer an examination fee to cover the administrative costs of the examination.
Your second question is whether or not the payment of a stipend to the examiners for their time and expenses would be proper.
It is the opinion of this office that the reimbursement to the examiners of their reasonable out-of-pocket expenses would be a proper administrative cost. There is no provision in the law, however, which authorizes the payment of any kind of stipend or per diem to the members of a notarial examining committee.
If our office can be of any further assistance, do not hesitate to contact us.
Yours very truly,
WILLIAM J. GUSTE, JR.
OPINION NUMBER 80-886 Mr. David F. Hutchins Attorney General of Louisiana — Opinion. July 16, 1980.
 NO OPINION GIVEN MISC "H"
Mr. David F. Hutchins Assistant District Attorney Fifteenth Judicial District P.O. Box 3306 Lafayette, Louisiana 70502
Dear Mr. Hutchins:
This is in reply to your letter of July 9, 1980, requesting an opinion from this office as to the legality of a charge being levied by the Lafayette Parish Notarial Commission to prospective candidates for notarial commissions.
This question has been answered previously by this office in Opinion No. 78-920 and No. 80 210; a copy of each of these opinions is enclosed for your information.
In Opinion No. 78-920, this office concluded that since the notarial examining committee must administer the examination, that committee may charge and administer an examination fee to cover the administrative costs of the examination.
In Opinion No. 80-210, this office concluded that reimbursement to the notarial examiners of their reasonable out-of-pocket expenses would be a proper administrative cost, but that payment of a stipend or per diem to members of a notarial examining committee would be improper.
Trusting that these opinions fully answer your question, we remain
Yours very truly,
 WILLIAM J. GUSTE, JR. Attorney General